**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| BEIJING MEISHE NETWORK TECHNOLOGY CO., LTD., <br><br> **Plaintiff,** <br><br> v. <br><br> TIKTOK INC., TIKTOK PTE. LTD., BYTEDANCE LTD., and BYTEDANCE INC., <br><br> **Defendants**. | Case No. 6:21-CV-504 <br><br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff Beijing Meishe Network Technology Co., Ltd. ("Meishe"), by and through counsel of record, asserts the following claims of copyright infringement against Defendants TikTok Inc. ("TikTok Inc."), TikTok Pte. Ltd. ("TikTok Pte. Ltd."), ByteDance Ltd. ("BL"), and ByteDance Inc. ("BI") (collectively, "Defendants").

## SUMMARY OF THE ACTION

1.      This is an action for copyright infringement of Meishe's software copyrighted and registered with the Copyright Protection Centre of China (CPCC). Plaintiff Meishe is, and at all material times hereto, has been the owner of the copyright of Copyright Registration Nos. 2015SR227927,     2018SR037751,     2018SR037747,     2018SR038324,     2018SR218096, 2018SR218287,    2019SR0901188,    2019SR0901198,    2019SR0901209,    2019SR0899912, 2019SR0899814,    2019SR0899799,    2019SR0901175,    2019SR0901166,    2020SR0291426, 2020SR0575533, 2020SR0572713, 2020SR0572704 ("Copyrighted Work").

2.      Meishe's Copyrighted Work is a foreign work as defined by the Copyright Act and a copyright registration is not necessary to bring a claim of copyright infringement under 17 U.S.C.

§ 101 and 17 U.S.C. § 104(b)(2).

3.      Meishe is a smart video and audio total solution service provider that has been focusing on the development of the video and audio field for 20 years. Meishe's service content includes intelligent processing, recognition and deep learning of mobile video and audio images, covering customers in various industries such as mobile APP, smart phones, smart hardware, radio and television, and communication operators. The core R&D team masters industry expertise, and the projects it participates in have won many awards including the first prize of the National Science and Technology Progress Award. OPPO, ViVO, Xiaomi, Bilibili, State Grid, People's Video, Huya and other top customers are highly recognized.

4.      Meishe alleges that Defendants infringe upon Meishe's software copyrighted and registered with the Copyright Protection Centre of China (CPCC).

## THE PARTIES

5.      Beijing Meishe Network Technology Co., Ltd. is a privately held company formed under the laws of the People's Republic of China with a principal place of business at Room 501, 5th Floor, Xinaote Science and Technology Building, 131 West Fourth Ring North Road, Haidian District, Beijing, People's Republic of China 100086.

6.      On information and belief, Defendant TikTok Inc. is a California corporation with a regular and established place of business in Austin, Texas, and a registered agent for service of process in the State of Texas at Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7.      On information and belief, Defendant TikTok Pte. Ltd. is a Singapore corporation with its principal place of business at 8 Marina View Level 43 Asia Square Tower 1, Singapore 018960.

8.      On information and belief, Defendant ByteDance Ltd. is a Cayman Islands corporation with offices in the United States, including in this District.

9.      On information and belief, Defendant ByteDance Inc. is a Delaware corporation with a regular and established place of business in this District.

## DEFENDANTS, TIKTOK USERS, AND THIS DISTRICT

10.      ByteDance Ltd. is the parent and owner of TikTok Inc., ByteDance Inc., and TikTok Pte. Ltd. *See* Exhibit A, Plaintiffs' Amended Corporate Disclosure Statements, *ByteDance, Inc., TikTok, Inc., and TikTok Pte. Ltd. v. Triller, Inc.*, Case No. 3:20-cv-7572, Dkt. 10 (N.D. Cal. Nov. 11, 2020).

11.      Defendant ByteDance Ltd. is a global company incorporated in the Cayman Islands, with offices in the United States, China, Singapore, and the United Kingdom, among others. *See* Exhibit B, Complaint, *TikTok Inc. and ByteDance Ltd. v. Donald J. Trump and Wilbur L. Ross, Jr.*, No. 20-cv-2658, U.S. District Court for the District of Columbia (hereinafter, the "DC Litigation"), Dkt. 1, ¶¶ 19, 37.

12.      ByteDance Ltd. developed the TikTok app and operates and controls the app in the United States through its subsidiaries and affiliates, including but not limited to TikTok Inc., ByteDance Inc., and TikTok Pte. Ltd. *See id.* at ¶¶ 13, 20. *See also* https://support.tiktok.com/en/using-tiktok.

13.      ByteDance Ltd. operates the app throughout the United States, including within this District. *See id.* at ¶¶ 1, 13 ("TikTok [is] a mobile software application that 100 million Americans use[.]").

14.      On information and belief, ByteDance Ltd. controls the majority of the shares or other ownership interest(s) in ByteDance Inc., TikTok Inc., and TikTok Pte. Ltd.

15.     On information and belief, ByteDance Ltd. controls or attempts to control the activities of ByteDance Inc., TikTok Inc., and TikTok Pte. Ltd.

16.     On information and belief, Defendants operate ByteDance Ltd.'s TikTok business in the United States as a joint enterprise. *See* https://www.tiktok.com/transparency?lang=en ("TikTok is a flagship product of ByteDance Ltd. . . . TikTok does business through subsidiaries of ByteDance Ltd.").

17.     On information and belief, ByteDance Ltd. shares common officers and/or directors with TikTok Inc. In the DC Litigation, Vanessa Pappas testified that she is the "head of TikTok, Inc. and interim head of the global TikTok business for ByteDance Ltd.," and purports to speak on behalf of TikTok Inc. and ByteDance Ltd. *See* Exhibit C, Declaration of Vanessa Pappas, DC Litigation, Dkt. 15-3, ¶ 1). In the same litigation, Roland Cloutier testified that he is the Global Chief Security Officer for TikTok Inc. and that provides support for both TikTok Inc. and ByteDance Ltd., and like Ms. Pappas, he purports to speak for both. *See* Exhibit D, Declaration of Roland Cloutier, DC Litigation, Dkt. No. 15-2, ¶¶ 1-3.

18.     On information and belief, individuals associated with TikTok characterize themselves as being employed by TikTok *and* ByteDance. For example, Blake Chandlee represents on his LinkedIn profile as the President of Global Business Solutions "at ByteDance / TikTok[,]" located in Austin, Texas. *See* Exhibit D. Ashley Elizabeth Brown refers to herself as the "office administrator at ByteDance / TikTok" located in Austin, Texas. *See* Exhibit E.

19.     On information and belief, TikTok Inc. employees perform services for ByteDance Inc., and ByteDance Inc. employees perform services for TikTok Inc. On its website, www.bytedance.com, ByteDance Inc. actively recruits employees within this District as "ByteDance" but includes supporting "TikTok" as part of job descriptions. *See* Exhibits F and G.

20.     According to an August 17, 2020 Austin Business Journal article, TikTok employees were "working out of WeWork space at the SWSW Center at 14th and Lavaca streets [in Austin, Texas], according to the company[.]" *See* Exhibit H. And further, "TikTok has [] stated that it had committed to creating 10,000 jobs across the country in the next three years, including 2,000 in Texas[.]" *Id*.

21.     On information and belief, Defendants have a regular and established place of business in this District, including offices in Austin, Texas, which Defendants, Defendants' agents or subsidiaries rely upon and use to support their activities within this District that result in copyright infringement and misappropriation of trade secrets.

22.     On information and belief, TikTok Inc., ByteDance Inc., and TikTok Pte. Ltd. all use the TikTok logo as agents for ByteDance Ltd. in the manufacture, sale, offer for sale, and/or use of the TikTok app in the inducement of others to use the TikTok app, including in this District.

23.     Defendants actively and continuously induce users to download and use the TikTok app and provide instructions online for downloading and using the TikTok app. *See* https://support.tiktok.com/en/getting-started; https://support.tiktok.com/en/using-tiktok.

24.     Defendants operate the TikTok app in the United States, including in this District. *See* Exhibit B, Complaint, DC Litigation, Dkt. 1, ¶¶ 1, 20.

25.     On information and belief, ByteDance Inc. "makes" TikTok Products, while TikTok Inc. and ByteDance Inc. develop and provide the TikTok app. *See* Exhibit I, at ¶¶ 7, 23. Both TikTok Inc. and ByteDance Inc. support the TikTok app in the United States. *Id*.

26.     On May 6, 2021, the Apple App Store listed TikTok Pte. Ltd. as the seller of the TikTok app:



*See* https://web.archive.org/web/20210507014640if_/https://apps.apple.com/ug/app/tik tok/id835599320.

27.    The May 6, 2021 archive.org "Privacy Policy" link states that the TikTok app is "provided and controlled by TikTok Inc." *See* https://web.archive.org/web/20210506211059/ https://www.tiktok.com/legal/privacy-policy.

# Privacy Policy
(If you are a user having your usual residence in the US)

Last updated: December 20, 2020.

Welcome to TikTok (the "Platform"). The Platform is provided and controlled by TikTok Inc. ("TikTok", "we" or "us"). We are committed to protecting and respecting your privacy. This Privacy Policy covers the experience we provide for users age 13 and over on our Platform. For information about our under-13 experience ("Children's Platform") and our practices in the United States regarding children's privacy, please refer to our Privacy Policy for Younger Users.

Capitalized terms that are not defined in this policy have the meaning given to them in the Terms of Service.

*See id.*

28.    The "Terms of Service" hyperlinked in the "Privacy Policy" link confirms that references to "TikTok" are synonymous with references to TikTok Inc.:

6

# Terms of Service

(If you are a user having your usual residence in the US)

*Last updated: February 2019*

## 1. Your Relationship With Us

Welcome to TikTok (the "Platform"), which is provided by TikTok Inc. in the United States (collectively such entities will be referred to as "TikTok", "we" or "us").

*See* https://web.archive.org/web/20210506185206/https://www.tiktok.com/legal/terms-of-service?lang=en#terms-us.

29.     The TikTok app has been widely distributed in this District by ByteDance Ltd. through its agents, including TikTok Inc. and TikTok Pte. Ltd., using the Apple and Android App stores. For example, on March 11, 2021, The Daily Texan, which is the official newspaper of the University of Texas at Austin, reported specifically on University of Texas at Austin students who produce "viral content on 'UT Tok[.]" The article also discusses how one viral clip created by a UT student who has "over 240 thousand views and nearly 50 thousand likes."



*See* https://web.archive.org/web/20210516194907/https://thedailytexan.com/2021/03/11/ut-

austin-students-produce-viral-content-on-ut-tok/.

  30. As further example of the TikTok apps distribution and use in this district and more specifically, the Waco division of this district, is the story of how a "viral TikTok changed two lives for the better while touching the hearts of millions."



*See*  https://www.kxxv.com/news/viral-tiktok-touches-the-hearts-of-millions.

  31. Another TikTok page #wacotexas has received 14.6 million views illustrating the broad use of the TikTok app in this district and more specifically, the Waco division of this district.



*See* https://www.tiktok.com/tag/wacotexas?lang=en.

32.     On or about August 24, 2020, TikTok Inc. and ByteDance Ltd. filed a complaint in the Central District of California seeking to prevent the government from banning the TikTok app in the United States. *See* Exhibit J, *TikTok Inc. and ByteDance Ltd. v. Donald J. Trump and Wilbur L. Ross, Jr.*, No. 20-cv-7672, Dkt. 1, ¶ 1 (C.D. Cal. Aug. 24, 2020). On the same day, TikTok Inc. issued a press release, stating that TikTok Inc. was hiring employees throughout the United States, including Texas:

> "[O]ur more than 1,500 employees across the US pour their hearts into building this platform every day, with 10,000 more jobs planned in California, **Texas**, New York, Tennessee, Florida, Michigan, Illinois, and Washington State[.]"

*See* Exhibit K, https://newsroom.tiktok.com/en-us/tiktok-files-lawsuit.

33.     According to a January 26, 2021 Bloomberg article, ByteDance Ltd.'s operating profit grew to approximately $7 billion in 2020, from less than $4 billion the prior year. The article specifically attributes "ByteDance's phenomenal growth [to its] pioneer[ing] a new form of social video[.]" *See* Exhibit L.

34.     An article from Forbes magazine published on January 31, 2021 reported that "TikTok attracts these users . . . [as] it's far easier to edit and upload [video] content

in TikTok than in other app such as Instagram or Snapchat." *See* Exhibit M.

## JURISDICTION AND VENUE

35.     This is an action for copyright infringement arising under the Copyright Laws of the United States, Title 17 of the United States Code. 17 U.S.C § 501.

36.     Therefore, this Court has subject matter jurisdiction pursuant to at least 28 U.S.C. §§ 1331.

37.     The amount in controversy exceeds $75,000.

38.     This Court has personal jurisdiction over Defendants by virtue of Defendants' systemic and continuous contacts with this District.

39.     This Court has personal jurisdiction over Defendants by virtue of, *inter alia*, the fact that Defendants have committed, aided, induced, and/or participated in the commission of the tortious act of copyright infringement that led to foreseeable harm to Meishe in this District.

40.     On information and belief, Defendants offer products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas and in this District. On information and belief, Defendants, Defendants' agents, and/or subsidiaries distribute products directly to customers and through their partners and/or intermediaries located in this District. On information and belief, Defendants derive significant financial benefits through their business in Texas and in this District.

41.     On information and belief, the TikTok app has been downloaded over 175 million times within the United States, with millions of those users of Defendants' products and services within the State of Texas, many of whom reside within this District.

42.     This Court has personal jurisdiction over TikTok Pte. Ltd. and ByteDance Ltd. As foreign corporations, personal jurisdiction exists over TikTok Pte. Ltd. and ByteDance Ltd. pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure. Further, this Court has personal jurisdiction over TikTok Pte. Ltd. and ByteDance Ltd. based on the fact that they are responsible for causing copyright infringement to occur in this District.

43.     Pursuant to the Texas Long Arm Statute and to due process, this Court has specific personal jurisdiction over Defendants in this action. The claims asserted herein arise out of or are related to Defendants' conducting of substantial business in this forum in addition to voluntary contacts with this forum. Such voluntary contacts, either directly or through their subsidiaries and/or agents, include but are not limited to: (i) at least a portion of the actions complained of herein; (ii) purposefully and voluntarily placing one or more infringing products and/or services into this District and into the stream of commerce with the intention and expectation that they will be used by consumers and end users in this District; and/or (iii) regularly promoting business and thus deriving substantial revenue from its product and/or services, including the infringing product and/or services, provided to consumers in Texas and in this District. Defendants are subject to the Court's personal jurisdiction at least due to their distribution of products and/or services, including the infringing product and/or services within the State of Texas and the Western District of Texas. Within this state, Defendants have infringed and used Meishe's copyrighted software thereby committing, and continuing to commit, acts of copyright infringement alleged herein.

44.     Defendants are subject to the Court's jurisdiction, because ByteDance Ltd. developed the TikTok app, placed the app in the stream of commerce, and along with

TikTok Inc., TikTok Pte. Ltd., and ByteDance Inc., ByteDance Ltd. caused the app to be distributed and utilized in this District with the intent that it be used pursuant to the terms dictated by Defendants. And further, Defendants have derived revenues from their infringing acts occurring within the Western District of Texas. Because Defendants have committed such purposeful acts and transactions in Texas, it reasonably should know and expect that it could be haled into this Court because of its purposeful activities.

45.     Defendants have committed and continue to commit acts in violation of the Copyright Laws of the United States, Title 17 of the United States Code, including but not limited to reproducing and/or having reproduced Meishe's copyrighted works, preparing and/or having preparing derivative works based on Meishe's copyrighted works, and/or distributing and/or having distributed Meishe's copyrighted works in this state and in or from this District. Defendants' infringing conduct has caused, and continues to cause, injury to Meishe, including injury suffered in this District. These are purposeful acts and transactions in this state and in this District such that Defendants reasonably should know and expect that it could be haled into this Court because of such activities.

46.     TikTok Pte. Ltd. and ByteDance Ltd. are foreign corporations, and venue is therefore proper in this District because pursuant to 28 U.S.C. § 1391(c)(3), foreign defendants are subject to venue in any district in the United States for this additional reason.

### FIRST CLAIM FOR RELIEF – COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501)

47.     Plaintiff Meishe incorporates by reference, as if fully rewritten herein, the facts and allegations set forth in paragraphs 1 through 46, above.

48.     Plaintiff Meishe is, and at all material times hereto, been the owner of the copyright of Copyright Registration Nos. 2015SR227927, 2018SR037751,

2018SR037747, 2018SR038324, 2018SR218096, 2018SR218287, 2019SR0901188, 2019SR0901198, 2019SR0901209, 2019SR0899912, 2019SR0899814, 2019SR0899799, 2019SR0901175, 2019SR0901166, 2020SR0291426, 2020SR0575533, 2020SR0572713, 2020SR0572704, filed with the Copyright Protection Centre of China (CPCC) and thus is entitled to enforce its copyright and protect itself against copyright infringement.

49.    When the United States joined the Berne Convention on March 1, 1989, the Copyright Act, 17 U.S.C.S. § 101 *et seq.*, was revised to provide that the claimant of a copyright in any foreign work of a country that is also a signatory to the Berne Convention may file suit in a United States District Court without proof of copyright registration. Berne Convention Implementation Act of 1988, Mar. 1, 1989, Pub. L. No. 100-568; 17 U.S.C.S. § 411(a).

50.    The People's Republic of China joined the Berne Convention for the Protection of Literary and Artistic Works of September 9, 1986, as amended on October 2, 1979 ("the Berne Convention") on October 15, 1992, thus becoming a treaty party. *See* 17 U.S.C. § 101; Berne Notification No. 140, the World Intellectual Property Organization ("WIPO"), (July 15, 1992), located at *https://www.wipo.int/treaties/en/notifications /berne/treaty_berne_140.html*.

51.    Meishe's Copyrighted Work is a foreign work as defined by the Copyright Act and a copyright registration is not necessary to bring a claim of copyright infringement under 17 U.S.C. § 101 and 17 U.S.C. § 104(b)(2).

52.    The dates of publication of the copyrighted software are as following:

| Registration numbers | The dates of publication of the registration |
|---|---|

| 2015SR227927 | 9/27/2014 |
|---|---|
| 2018SR037751 | 6/5/2017 |
| 2018SR037747 | 11/5/2017 |
| 2018SR038324 | 4/5/2017 |
| 2018SR218096 | 5/5/2017 |
| 2018SR218287 | 6/5/2017 |
| 2019SR0901188 | 8/29/2019 |
| 2019SR0901198 | 8/29/2019 |
| 2019SR0901209 | 8/29/2019 |
| 2019SR0899912 | 8/29/2019 |
| 2019SR0899814 | 8/29/2019 |
| 2019SR0899799 | 8/29/2019 |
| 2019SR0901175 | 8/29/2019 |
| 2019SR0901166 | 8/29/2019 |
| 2020SR0291426 | 3/26/2020 |
| 2020SR0575533 | 6/5/2020 |
| 2020SR0572713 | 6/5/2020 |
| 2020SR0572704 | 6/5/2020 |

53.     Plaintiff has the exclusive rights to reproduce, display, and distribute the copyrighted software, registered as Nos. 2015SR227927, 2018SR037751, 2018SR037747, 2018SR038324, 2018SR218096, 2018SR218287, 2019SR0901188, 2019SR0901198, 2019SR0901209, 2019SR0899912, 2019SR0899814, 2019SR0899799, 2019SR0901175, 2019SR0901166, 2020SR0291426, 2020SR0575533, 2020SR0572713, 2020SR0572704.

54.     On information and belief, the TikTok app consists of Plaintiff's proprietary information, trade secrets, and/or reproduced software codes of Plaintiff registered with the Copyright Protection Centre of China (CPCC) as Nos. 2015SR227927, 2018SR037751,

2018SR037747, 2018SR038324, 2018SR218096, 2018SR218287, 2019SR0901188, 2019SR0901198, 2019SR0901209, 2019SR0899912, 2019SR0899814, 2019SR0899799, 2019SR0901175, 2019SR0901166, 2020SR0291426, 2020SR0575533, 2020SR0572713, 2020SR0572704.

55.     On information and belief, the TikTok app began infringing Plaintiff's copyright in the software (identified above) by reproducing, displaying, and profiting from inducing users to download and use the TikTok app.  Defendants have committed and continue to commit acts in violation of the Copyright Laws of the United States, Title 17 of the United States Code, including but not limited to reproducing and/or having reproduced Meishe's copyrighted works, preparing and/or having preparing derivative works based on Meishe's copyrighted works, and/or distributing and/or having distributed Meishe's copyrighted works.

56.     In violation of 17 U.S.C. § 501, Defendants have and will continue to violate and infringe Plaintiff's copyright in the software registered by reproducing, displaying, and profiting from inducing users to download and use the TikTok app. Additionally, on information and belief, Defendants have violated 17 U.S.C. § 1202(a) and (b) by knowingly with the intent to induce, enable facilitate, or conceal infringement, provided copyright management information that is false and/or distributed or imported for distribution copyright information that is false, and intentionally removed or altered Meishe's copyright management information from the software it copied and distributed for importation copyright management information knowing that the copyright management information was removed or altered without Meishe's consent or having reasonable grounds to know that its actions would induce, enable facilitate, or conceal infringement.

57.     Upon information and belief, Defendants' acts of copyright infringement were done and continue to be done with knowledge that such actions could constitute infringement of Plaintiff's exclusive copyright and are, therefore, willful.

58.     Upon information and belief, Defendants will continue to violate Plaintiff's copyright and continue to unlawfully use that copyright in the TikTok app unless enjoined by this Court.

59.     Defendants do not have a license, authorization, or permission to use Plaintiff's copyright in the software codes identified above, or to reproduce, offer for sale and sell Plaintiff's copyright incorporated in the identified software.

60.     As a result of Defendants' infringement of Plaintiff's copyright, Plaintiff has suffered damages and will continue to suffer damages in an amount yet to be determined. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recovery of actual damages and any additional profits of Defendants.

61.     As a result of infringement of Plaintiff's copyright, Defendants are causing irreparable injury to Plaintiff that cannot be fully and adequately compensated at law and will continue to cause irreparable injury unless and until enjoined by this Court. Plaintiff is entitled to entry of permanent injunctive relief prohibiting continuing copyright infringement by Defendants pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor against Defendants and grant the following relief:

A.     For judgment that Defendants have violated 17 U.S.C. § 501;

B.     For judgment that Defendants have infringed Plaintiff's rights to

16

copyrighted software, registered as Nos. 2015SR227927, 2018SR037751, 2018SR037747, 2018SR038324, 2018SR218096, 2018SR218287, 2019SR0901188, 2019SR0901198, 2019SR0901209, 2019SR0899912, 2019SR0899814, 2019SR0899799, 2019SR0901175, 2019SR0901166, 2020SR0291426, 2020SR0575533, 2020SR0572713, 2020SR0572704;

C.      For judgment awarding actual damages and/or Defendants' profits attributable to the infringing activity to Plaintiff, as the case may be, under 17 U.S.C. § 504, as well as any other statutory damages as may be available;

D.      For judgment preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons acting in concert or participation with them, from infringing Plaintiff's copyrights to software identified above;

E.      For judgment that Defendant's violations are willful entitling Plaintiff to an increase in the damages as permitted by 17 U.S.C. § 504 as well as any other basis for increasing damages due to willful infringement;

F.      For full costs including but not limited to attorney fees as permitted by 17 U.S.C. § 505; and

G.      For judgment awarding such other and further relief to which Plaintiff is entitled or the Court may deem just and proper.


## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action on all issues so triable.

Date: May 18, 2021

Respectfully Submitted,

*/s/  J.Mark Mann*
J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar no. 24042033
blake@themannfirm.com
**Mann | Tindel | Thompson**
201 E. Howard St.
Henderson, TX 75654
Office 903-657-8540

Korula T. Cherian
Robert Harkins
**RuyakCherian LLP**
1936 University Ave., Suite 350
Berkeley, CA 94702
Telephone: (510) 944-0190
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

Thomas Dunham
**RuyakCherian LLP**
1901 L St. NW, Suite 700
Washington, DC 20036
(202) 838-1560
tomd@ruyakcherian.com

*Counsel for Plaintiff Beijing Meishe Network Technology Co., Ltd.*