IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BEIJING MEISHE NETWORK TECHNOLOGY CO., LTD., <br><br> **Plaintiff,** <br><br> v. <br><br> TIKTOK INC., TIKTOK PTE. LTD., BYTEDANCE LTD., and BYTEDANCE INC., <br><br> **Defendants**. | Case No. 6:21-CV-504-ADA-DTG <br><br> JURY TRIAL DEMANDED |

### ORDER ON PROCEDURES FOR DISCOVERY DISPUTES

The Court finds that this case can benefit from a streamlined approach to discovery disputes that is different from the motion practice described in the Local Rules. The Court therefore sua sponte enters this Order implementing the following procedure for addressing discovery disputes in this matter:

**Procedure.** A party may not file a Motion to Compel in this case unless lead counsel have met and conferred in good faith by speaking directly to each other on the phone to try to resolve the dispute.

If the parties remain at an impasse after lead counsel have met and conferred, the requesting party shall email a summary of the issue(s) and specific relief requested to all counsel of record. The summary of the issue shall not exceed 500 words for one issue or a combined 1,000 words for multiple issues. The responding party has 3 business days thereafter to provide its summary response and specific relief requested. The email response shall also not to exceed 500 words for one issue or a combined 1,000 words for multiple issues.

Each party's specific relief requested should state the exact language it proposes that the court adopt for its order. The specific relief requested does not count toward the word limits.

The Court directs the parties to provide their submission in the following table format, which clearly identifies the disputed issues and specific relief requested.

Example:

| Issue | Requesting Party's Position | Responding Party's Position |
|---|---|---|
| RFP 1: All sale records of | Responding Party didn't produce anything. Responding Party keeps its sales records in a sales database. | We found no sales records of the Product in the sales database. |

| the Product. | Relief: Order that "Responding Party must produce a copy of the sales database within 7 days." | Relief: Find that "no documents responsive to RFP 5 exist" and deny Requesting Party's relief. |
|---|---|---|
| ROG 5: Identify all employees who worked on the Product. | Responding Party only identified a subset of the employees. Relief: Order that "Responding Party is compelled to fully respond to ROG 5 by identifying the names and locations of the remaining employees who worked on Product by [date]." | We identified the relevant employees. The other employees are not relevant, and it is too burdensome to identify every employee. Relief: Order that "Responding Party need not identify any other employees in response to ROG 5." |

Once the opposing party provides its response and requested relief, the requesting party shall email the summaries of the issues to Judge Gilliland's law clerk with opposing counsel copied. If a hearing is requested, the parties shall indicate in the email whether any confidential information will be presented. Thereafter, the Court will provide guidance to the parties regarding the dispute or arrange a telephonic or Zoom hearing.

**Written Order.** Within 7 days[1] of the discovery hearing, the parties shall jointly email an editable proposed order to the Court's law clerk that includes the parties' positions from their dispute chart, the parties' requested relief, and the parties' understanding of the Court's ruling so that the arguments and outcome can be docketed. If the parties dispute the language of the order, the parties shall include and clearly identify each party's proposed language in the proposed order. Failure to provide a proposed written order for the docket may result in waiver.

SO ORDERED this 17th day of August, 2022.

_____
HON. DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

---

[1] It is no excuse for delay in submitting the proposed order that the Parties have not received a transcript of the hearing.