IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BEIJING MEISHE NETWORK TECHNOLOGY CO., LTD., <br><br>**Plaintiff,**<br><br>v.<br><br>TIKTOK INC., TIKTOK PTE. LTD., BYTEDANCE LTD., and BYTEDANCE INC.,<br><br>**Defendants**. | Case No. 6:21-CV-504-ADA-DTG<br><br>JURY TRIAL DEMANDED |

## ORDER ON JANUARY 23, 2023 DISCOVERY HEARING

This Court, having considered the parties' discovery disputes, hereby ORDERS the following:

**A. Sealing of Plaintiff's Reply in Support of its Motion for Leave**

Plaintiff's challenge to Defendants' confidentiality designation and request to unseal portions of Plaintiff's Reply in Support of its Motion for Leave to File a Third Amended Complaint ("Reply") is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Court orders the following with respect to the three statements that Plaintiff requested be unsealed in bullet points on page 1 of Plaintiff's January 17, 2023 letter to the Court: :

- Plaintiff may publicly file the statement in the first bullet point on page 1 of Plaintiff's January 17, 2023 letter to the Court;

- Plaintiff may publicly file the portion of the statement in the second bullet point on page 1 of Plaintiff's January 17, 2023 letter to the Court up to the portion of the sentence that follows the word "including," which must be redacted; and

- Plaintiff may publicly file the portion of the statement in the third bullet point on page 1 of

Plaintiff's January 17, 2023 letter to the Court up to the portion of the sentence that follows the word "including," which must be redacted.

Notwithstanding the above redactions, Plaintiff's counsel may share the entirety of these statements, including the remaining redacted material, with its client.

The Parties are ordered to meet and confer regarding Defendants' request to unseal portions of the Reply that Plaintiff requested be sealed, and statements in Defendants' Objections to the Magistrate Judge's Discovery Order.

### B. Defendants' Interrogatories Nos. 1, 6–7

Defendants' request to compel supplemental responses to Interrogatories Nos. 1, 6–7 is **GRANTED-IN-PART and DENIED-IN-PART**.

The Court finds that contention interrogatories, including Interrogatories Nos. 1, 6–7, are proper to the extent they require Plaintiff to provide the facts supporting its claims. Plaintiff is not required to provide expert testimony, but must identify the specific portions of code—such as by module or subroutine name but not by specific lines—that it contends infringe its copyrights or misappropriate its trade secrets that can be identified without expert analysis. Plaintiff will not be permitted to include in its expert reports portions of code not identified in response to these interrogatories. Plaintiff is ordered to serve these supplemental responses by February 22, 2023.

The responses must be signed by the attorneys' answering them as required by Federal Rule of Civil Procedure 26 and 33.

SO ORDERED this 30th day of January, 2023.

_____
HON. DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE