UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **BEIJING MEISHE NETWORK TECHNOLOGY CO., LTD.,** § § § **Plaintiff,** § § **v.** § § **TIKTOK INC., TIKTOK PTE. LTD., BYTEDANCE LTD., BYTEDANCE INC.,** § § § § **Defendants.** | **CIVIL NO. W-21-CV-00504-ADA-DTG** |

## ORDER ON DISCOVERY DISPUTES

Before the Court are several discovery disputes presented to the Court via the email discovery dispute process relating to Defendants' Interrogatory Responses and Production of Documents

1. Source Code Production and Identification

   The Court will set this issue for a hearing to understand why all versions should be deemed discoverable.

2. Design Around Evidence

| Requesting Party's Position | Responding Parties' Position |
|---|---|
| ███████████████████████ ███████████████████████ ████████ RFP number 12 is directed to discovery of documents and information referencing or relating to these changes. Despite the highly relevant nature of this discovery, Defendants have not provided any documents related to this request nor have they provided a commitment to produce responsive information by a date certain.<br><br>Relief: Defendants will produce documents relating to or referencing any discussion, attempt, plan or decision to design around or | To date, Defendants have not found responsive documents after a reasonable and diligent search.<br><br>Meishe has not identified ██████████ ████████████████ to which it refers. Meishe should not be permitted to press this request without providing the basis for its allegations, which would allow Defendants sufficient information to further investigate and respond to the RFP. Defendants made available for inspection the source code versions ordered by the Court, and the corresponding development logs, which would show such |

| | |
|---|---|
| reprogram their software code or other computer code to avoid infringement by March 6, 2023. | changes.<br><br>Relief: Plaintiff's request is denied. |

**The Court's Ruling**: Plaintiff's request is DENIED as Defendant has represented it has performed a diligent search and found nothing. Plaintiff may re-urge this request if it develops evidence demonstrating Defendants have withheld documents, and both parties are reminded of their ongoing obligation to supplement discovery.

3. Jing Xie Employemt, Job Description, Work Product and Contribution

| Requesting Party's Position | Responding Parties' Position |
|---|---|
| Plaintiff's ROG 6 seeks information from Defendants related to Plaintiff's former employee Jing Xie who Plaintiff alleges stole Plaintiff's source code and trade secrets and brought them to Defendants. The ROG seeks the job description, all work product, input, and/or contribution of Jing Xie or any other former employee of Plaintiff.<br><br>Instead of providing a narrative response answering this ROG, on Jan. 30, 2023 Defendants simply identified certain testimony from the depositions of their venue witnesses' transcripts as responsive to this request and identified a single development log. This interrogatory was served approximately eight months ago on June 13, 2022, and Defendants have not provided a good faith effort of a response or a commitment to provide a supplementation. | Meishe's request regarding Interrogatory No. 6 is moot – Defendants agreed to supplement their response by March 10.<br><br>Request for Production No. 27 seeks agreements regarding marketing, sales, or licensing. Defendants produced responsive documents located in a reasonable and diligent search. This issue is also not ripe for resolution because Meishe only raised Request for Production No. 28-29 at the Parties' meet and confer.<br><br>Meishe's request regarding Request for Production No. 28 is also moot. Defendants already committed to producing documents sufficient to show Defendants' awareness of Mr. Xie's prior employment history. |

2

| Requesting Party's Position | Responding Parties' Position |
|---|---|
| RFPs 28 and 29[1] similarly seek information about the employment history of Jing Xie, including Defendants' knowledge of his prior employment with Plaintiff, and documents concerning Jing Xie's work product. Defendants have confirmed that they are not relying on "possession, custody, or control" due to Jing Xie's employment with a foreign subsidiary. However, Defendants will not confirm that they are affirmatively searching those subsidiaries, instead merely saying that they are "not limiting" their search.<br><br>Relief: Order Defendants to supplement their response to identify (1) all job titles and descriptions for Jing Xie for all roles he has held while working for or with Defendants and their affiliates; an identification of all projects he has worked on, and an identification of the work he has created or contributed to by March 6, 2023. Further, order Defendants to produce documents relevant to Jing Xie's employment, including Defendants' knowledge of his prior employment with Plaintiff, and documents relevant to Jing Xie's work product, input, and contribution to Defendants' products by March 6, 2023. Order Defendants to confirm that they are affirmatively searching their foreign subsidiaries, including Jing Xie's related current and former employers, for relevant information. To the extent that Defendants are aware of other employees working for them or their subsidiaries that previously worked for Plaintiff, they are ordered to also produce this information. | Request for Production No. 29 seeks documents sufficient to show Mr. Xie's contribution to the Accused Instrumentalities. Defendants have produced responsive development logs, which are sufficient to show his work product and input.<br><br>Relief: Plaintiff's request is denied. |

The Court's Ruling: Plaintiff's Request is **DENIED** as MOOT.

IT IS SO **ORDERED** THIS 30th day of March, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

---

[1] In the prior version of this chart, RFP "27" was identified instead of RFP "29" as a typographical error. This has been cured within this update.