# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **BEIJING MEISHE NETWORK TECHNOLOGY CO., LTD.,** § § | | |
| *Plaintiff* § | | **W-21-CV-00504-ADA-DTG** |
| § | | |
| -vs- § | | |
| § | | |
| **TIKTOK INC., TIKTOK PTE. LTD., BYTEDANCE LTD., BYTEDANCE INC.,** § § § | | |
| *Defendants* § | | |
| § | | |

## ORDER DENYING DEFENDANTS' MOTION TO TRANSFER UNDER § 1404 (ECF NO. 64)

Before the court is Defendants' Motion to Transfer Venue for Convenience of the Parties Pursuant to 28 U.S.C. § 1404(a). ECF No. 64[1]. Based on a thorough review of the briefing, the applicable law, and oral arguments made by counsel at the March 9, 2023, hearing, the Court hereby DENIES the Motion to Transfer for the reasons that follow.

### I.  Background

This case involves three foreign companies and two domestic subsidiaries. Plaintiff filed its Original Complaint against Defendants on May 18, 2021. That complaint asserted several causes of action against Defendants and identified Defendants as residents of California, Delaware, Singapore, and Cayman Islands. ECF No. 1 ¶¶ 6-9. Plaintiff then filed an amended complaint on August 4, 2021, (ECF No. 6) and a second amended complaint on August 12, 2021, asserting similar claims against the Defendants. ECF No. 9.

---

[1] Defendants' Motion (ECF No. 64) is also filed in redacted form under ECF No. 57. This Order pertains to both ECF entries.

Plaintiff asserts that venue over this case is proper in this District for several reasons. Plaintiff contends that Defendants have committed acts of copyright infringement and accompanying damages in this District. ECF No. 9 ¶ 50. Plaintiff further contends that Defendants TikTok Pte. Ltd. and ByteDance Ltd. are foreign corporations and as such, venue is proper in any district in the United States, including this District. *Id*. ¶ 52. Plaintiff also includes in its complaint several additional connections to this district through Defendants subsidiaries, offices, and employees. *Id*. ¶

Defendants timely responded to the second amended complaint. On March 3, 2022, Defendants filed a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6). ECF No. 27. On March 14 and 15, 2022, Defendants filed a Motion to Stay Based on International Abstention. ECF Nos. 35 & 38. Defendants also filed a Motion to Stay to Discovery pending resolution of their motion to stay under international abstention and/or this motion to transfer. ECF No. 59. Then, on May 23, 2022, Defendants filed the present motion. ECF No. 64[2]. Since then, Defendants have also filed a motion for a more definite statement under Federal Rule of Procedure 12(e). ECF No. 114. The Court has heard oral argument on these motions and issued its rulings on them. To date, however, Defendants have not filed an answer to Plaintiff's original or amended complaints.

The present motion to seeks transfer of this case to the Northern District of California ("NDCA") for convenience under 28 U.S.C. § 1404(a). It has been fully briefed, and on March 9, 2023, the court heard oral argument from the parties.

## II. LEGAL STANDARD

---

[2] ECF No. 57, which is the redacted copy of the present motion was filed on May 2, 2022, but the sealed copy, ECF No. 64, was not docketed until May 23, 2022.

Analysis of this motion to transfer begins with the statute and moves to case law. 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought . . . ." *Id*. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The court takes a two-step approach to evaluating a convenience transfer motion. The first—preliminary—step under Section 1404(a) requires determining "whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (hereinafter "*Volkswagen II*"). The second step—if the destination venue would have been a proper venue—requires evaluating "a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* courts evaluate these factors based on the

situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen II*, 545 F.3d at 314. The burden is not simply that the alternative venue is more convenient, but that it is *clearly* more convenient. *Id.* at 314–15; *IOENGINE, LLC v. Roku, Inc.*, No. W-21-CV-1296-ADA-DTG, 2022 U.S. Dist. LEXIS 192199, at *6 (W.D. Tex. Oct. 10, 2022) (quoting *Volkswagen*, 545 F.3d at 314-15). As the Fifth Circuit has noted, there is always some inconvenience that is "expected and acceptable," and it is not enough that it would be convenient for a defendant to litigate elsewhere. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 629 (5th Cir. 2022). Rather, the movant must "clearly establish good cause for transfer based on convenience and justice." *Id.* (citing *Defense Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022)). While "clearly more convenient" is not the same as the "clear and convincing" standard, the moving party must show more than a mere preponderance. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

### III.    Analysis

At the outset, the court is concerned with Defendants' approach to briefing this case. As noted above, Defendants filed their motion on May 23, 2022. ECF No. 64. Defendants' Motion included only three exhibits—two declarations and a proposed order. ECF Nos. 64-1, 64-2, & 64-3. Plaintiff filed its response on September 1, 2022. ECF No. 117. On September 14, 2022, Defendants filed a reply brief that included thirty-seven exhibits that were not part of Defendants' Motion. *See* ECF No. 146-3 through 146-50; ECF No. 147, 147-1 through 147-7[3]. Many of the

---

[3] For reasons that are unclear to the court, Defendants filed a reply brief that was docketed at multiple places—ECF Nos. 129 and 146. The court will refer to ECF No. 146 when discussing the reply brief.

new exhibits are voluminous documents apparently produced during venue discovery. Defendants cite these voluminous exhibits without any guidance or annotations to assist the Court in understanding the relevance or significance of the cited documents. For example, Exhibit 47 to Defendants' Reply, which is filed in six parts under ECF Nos. 146-32 through 146-37, consists of nearly 2,000 pages without any highlighting or other indication of the importance of any of those documents. Yet, Defendants cite Exhibit 47 in their reply three times without explanation of the relevance of any of the nearly 2,000 pages. ECF No. 146-2 at 2 fn 5, 3, 4. Courts of this Circuit are not required to review arguments or evidence raised for the first time in a reply brief. *Redhawk Holdings Corp. v. Schreiber*, 836 F. App'x 232, 235 (5th Cir. 2020); *TracBeam, LLC v. Apple, Inc.*, No. 6:14-CV-680, 2015 WL 5786449, at *2 (E.D. Tex. Sep. 29, 2015). As Plaintiff was granted leave to file a sur-reply, however, the court will consider these arguments as part of the record. The Court, however, accords them the credibility and weight deserving of arguments and evidence that was not affirmatively raised in an opening brief. The Court will also not undertake a detailed analysis of voluminous exhibits for which a pinpoint citation was provided.

Taking the venue steps in order, we begin with a determination of whether venue would be proper in the transferee district and find that it would. Defendants contend that this case could have been brought in NDCA where at least one defendant is headquartered. ECF No. 64 at 2-3[4]. Defendant TikTok, Inc. avers that it is a California corporation headquartered in Culver City, California. *Id*. at 2. While Culver City is in the Central District of California—not in NDCA—Defendants claim that Defendant TikTok, Inc. has over 300 employees in NDCA. *Id*. Defendants contend that Defendant ByteDance, Inc. is a Delaware corporation with its principal place of business in Mountain View, California, which is in NDCA. *Id*. Defendants further contend that

---

[4] Page citations are to the pages as numbered in the relevant brief, and not to the ECF header numbers.

Defendants ByteDance, Ltd. and TikTok Pte. Ltd. are foreign corporations for whom venue is also proper in NDCA under 28 U.S.C. § 1391(c)(3). Defendants fail to demonstrate that either ByteDance, Ltd. or TikTok Pte. Ltd., a Singapore and a Cayman company respectively, are subject to jurisdiction in NDCA, but they make a conditional offer of acquiesce to jurisdiction if transfer is granted. *See* ECF 64 at 3. This appears to be the type of post-filing behavior that the Supreme court cautioned against in *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) ("But the power of a District court under s 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff."). This contingent stipulation also rings hollow in light of Defendants complaints about this court exercising jurisdiction. *See* ECF 27 at 1 fn. 1, 3-4 (Defendants disputing general and specific jurisdiction in WDTX). Plaintiff's Second Amended Complaint, however, makes nationwide allegations against Defendants ByteDance, Ltd. and TikTok Pte. Ltd. *See* ECF 9. As such allegations were sufficient to hail those defendants into this court, they should be sufficient to hail those defendants into NDCA. Accordingly, this court determines Defendants have shown that this case could have been brought in NDCA.

This Court does not find Plaintiff's argument that it is not subject to jurisdiction in California persuasive. ECF No. 117 at 7-8. While that might be correct if Plaintiff was sued in NDCA, it does not negate the fact that had Plaintiff chosen to file in NDCA, it could have done so. *See In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009); *see also Peregrine Semiconductor Corp. v. RF Micro Devices, Inc.*, No. 12CV911-IEG WMC, 2012 WL 2068728, at *3 (S.D. Cal. June 8, 2012). None of the cases cited by Plaintiff hold to the contrary, however, some courts have considered jurisdiction over the plaintiff as part of the private interest factors.

*Sanofi-Aventis Deutschland GmbH v. Novo Nordisk, Inc*., 614 F. Supp. 2d 772, 780 (E.D. Tex. 2009) ("district courts have generally been reluctant to transfer venue in a case where the issue of personal jurisdiction over the Plaintiff in the transferee venue is somewhat unclear."). While transfer to a forum where Plaintiff could not be hailed into court involuntarily might seem unfair and could be considered under the transfer factors, this court is unaware of any cases that prohibit transfer under § 1404 in that situation.

As this court finds that this case could have been brought in NDCA, the court turns to the private interest factors.

**a.      Relative ease of access to sources of proof.**

Turning to the first private interest factor, the court analyzes the relative ease of access to sources of proof. In assessing this factor, "a court looks to where *documentary* evidence, such as documents and physical evidence, is stored." *Fintiv, Inc. v. Apple Inc.*, No. 6:18-CV-00372-ADA, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 13, 2019). As the Fifth Circuit has stated, "[t]he location of evidence bears much more strongly on the transfer analysis when, as in *Volkswagen*, the evidence is physical in nature." *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022) (citing *In re Volkswagen*, 545 F.3d 304, 316–17 (5th Cir. 2008)).

Defendants contend that the evidence demonstrates this factor favors NDCA. Defendants contend that all relevant financial, marketing, and sales documents are kept in either NDCA or the Central District of California—*i.e*., Los Angeles. ECF 64 at 6. They also contend that all documents for their U.S. engineering team—apparently even the engineer located in Texas—are in either NDCA or China. *Id*. Finally, Defendants contend the source code at issue is located in China. And importantly all documents related to the employee who allegedly misappropriated Plaintiff's trade secrets are also in China. *Id*. Defendants go so far as to claim that "no Defendant documents or other sources of proof relevant to Meishe's claims are in WDTX." *Id*.

Plaintiff disputes that NDCA provides better access to sources of proof. First, Plaintiff points out that the critical information in this case is Defendant's source code, which includes Plaintiff's misappropriated trade secrets. ECF 117 at 10-11. That source code and the information regarding the employee who allegedly misappropriated the trade secrets are located in China—not NDCA or WDTX. *Id*. Additionally, Plaintiff points out the Defendants engineer located in Texas had electronic access to at least some of the source code from Texas. *Id*. at 11 fn 8.

Despite the evidence before the court, Defendants repeatedly argue that their source code is only available in the United States from California. *See* ECF No. 64 at 6 ("U.S. access to the code is restricted to the Mountain View engineering team."), 129-2 at 2-3 ("Key source code evidence . . . are in NDCA."). When deposed, however, Defendants' engineering employee residing in Irving, Texas, confirmed that he accessed and viewed libraries and source code kept in China from his location in Irving, Texas. ECF No. 115-7 at 31:8-14. At argument, counsel for Defendants claimed that this employee only had access to a limited library, and not the entire source code, but that claim appears to contradict the sworn testimony of Defendants' employee. *Id*. at 31:4-14 (distinguishing between the SGK library that Mr. Pandiri worked on daily with the source developed in China, which he viewed from Irving, Texas.). This is reinforced by the testimony of Defendants' witness who confirmed that when employees work on source code, they pull electronic copies from the server in China and work on it wherever the employee is located. *See* 146-24 at 53:6-54:1. Despite Defendants' arguments to the contrary, the evidence demonstrates that most, if not all of the relevant documents are electronic and can be available as easily in Texas as California.

The court finds this fact fails to demonstrate NDCA is clearly more convenient. First, the information in this case is all electronic, which diminishes the importance of this factor.

*In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022); *Texas v. United States Dep't of Homeland Sec.*, No. 6:23-CV-00007, 2023 WL 2457480, at *5 (S.D. Tex. Mar. 10, 2023). Additionally, the most crucial information—the source code and information about the employee who misappropriated that code—is stored in China, not NDCA. Finally, despite Defendants' claim that "no Defendant documents or other sources of proof relevant to Meishe's claims are in WDTX," is significantly undercut by the existence of Defendants' President of Global Business Solutions, Monetization Head of North America and Europe, director of ByteDance, Inc. who lives and works in this district along with over 300 other employees of Defendants. *See* ECF 117 at 10. It is an extremely plausible and reasonable inference that such employees—who are in this district—possess some relevant documents. While Defendants' overstatement might be within the bounds of zealous advocacy, it undercuts the credibility of their arguments and evidence. When all of the evidence is considered, the Court finds that there is some relevant evidence in WDTX, some relevant evidence in NDCA, and a significant amount of relevant evidence in China that is equally accessible to either district. Thus, the court concludes that this factor is at most neutral and fails to demonstrate NDCA is clearly more convenient. Thus, it fails to weigh in favor of transfer.

**b.      The availability of compulsory process to secure the attendance of witnesses.**

The court next turns to the second factor—the availability of compulsory process to secure the attendance of witnesses. "Unlike the willing witness factor, the compulsory process factor is more about the convenience of the litigating parties in making their case rather than the convenience of the unwilling witnesses compelled to testify." *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *4 n. 2 (Fed. Cir. Aug. 2, 2021). As the Fifth Circuit has recently stated, this factor "receives less weight when it has not been alleged or shown that any witness would be

unwilling to testify." *In re Planned Parenthood*, 52 F.4th at 630–31; *see also Texas v. United States Dep't of Homeland Sec.*, 2023 WL 2457480, at *5.

Defendants contend this factor favors transfer because of the existence of third-party entities. Defendants claim that Plaintiff's allegations implicate Google and Apple because the accused app runs on their operating systems and is distributed through their app stores. ECF 64 at 7. Defendants also claim that they interact with unidentified Google and Apple employees located in NDCA, not WDTX. *Id*. Defendants' Motion fails to identify any of these alleged Google or Apple employees, and while the attached declaration lists some individuals, it fails to specify whether those individuals are Google, Apple, or Defendants' employees. *See* ECF No. 64 at 7, ECF No. 64-2 ¶ 19. Additionally, Defendants fail to present evidence showing that any Apple or Google employees are unwilling to testify.

In their reply, Defendants point to evidence that they failed to include in their Motion. Defendants claim that unidentified employees of Oracle America Corp. are another factor in favor of NDCA. ECF No. 146-2 at 4. The evidence provided, however, indicates that as of filing Defendants' Motion, Oracle America, Inc.—not Corp.—had its principal place of business in WDTX. *See* ECF No. 146-29 at 15 & 34 (identifying Oracle America, Inc., as having its principal place of business at 2300 Oracle Way, Austin, TX on Sept. 15, 2021, and May 17, 2022, respectively). Defendants' late-filed evidence also indicates that at some point after Defendants filed their motion, Oracle America, Inc. might have a principal place of business in California. *Id.* at 40 (identifying Oracle America, Inc. as having its principal place of business in Redwood City, CA as of June 8, 2022, which is after the filing of Defendants' Motion). In addition to being attached only to the reply, this evidence lacks any further explanation and Defendants fail to identify any relevant Oracle witnesses that were unwilling to testify.

Plaintiff simply points out that Defendants have failed to identify any unwilling, third parties, and as such, contend this factor weighs against transfer. The Court agrees.

The Court finds that Defendant has again failed to show this factor favors transfer, and certainly doesn't show that NDCA is clearly more convenient. First, Defendants have failed to identify any specific individuals for which compulsory process would be necessary for Defendants to present their case to a jury. *See In re Planned Parenthood*, 52 F.4th at 630–31. This failure to identify specific witnesses for Google, Apple, and Oracle, all of whom have a substantial presence in WDTX, prevents this court from being able to determine whether such persons are in WDTX or NDCA. Second, this case concerns Defendants' conduct and whether their source code contains Plaintiff's misappropriated trade secrets, which does not implicate Google, Apple, or Oracle as pointed out Plaintiff. And as noted above, no specific third-party witnesses have been identified or have been shown to be unwilling to testify. As the Fifth Circuit Court of Appeals recently noted, this factor deserves "less weight when it has not been alleged or shown that any witness would be unwilling to testify." *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 631 (5th Cir. 2022)(citing *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d at 488, 499 (6th Cir. 2016)). Thus, this factor fails to support transfer.

c.  **Cost of attendance for willing witnesses.**

Next the court turns to the third private interest factor—the cost of attendance for willing witnesses. *In re Volkswagen AG*, 371 F.3d at 203. While Defendants characterize this as the most important factor in the venue analysis, the Fifth Circuit Court of Appeals has never expressly endorsed that view. *See* ECF No. 64 at 3 (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009)). Rather, the Fifth Circuit has most-recently said that no single factor is dispositive and treated this factor in line with all of the others. *In re Planned Parenthood*, 52 F.4th at 630. As this appeal is governed by Fifth Circuit, rather than Federal Circuit precedent, this court will consider

the cost of attendance of willing witnesses as one of several factors and will not accord it dispositive or consider it the "most important factor."

Again, Defendants contend that this factor favors transfer because the majority of relevant witnesses in the United States are in NDCA. Defendants concede that the functionality at issue—video/audio editing—is developed by employees in China. ECF No. 64 at 3. Defendants argue, however, that a team of six engineers based in NDCA ensure the functionality developed in China is compatible with Defendants' TikTok app. *Id*. As discussed below, one of those engineers was in NDTX at the time of filing Defendants' Motion. Defendants also point out that the employee at the center of the misappropriation claim lives in China, but his supervisor is in NDCA. Defendants further claim that they have no employees in WDTX that are involved in the accused functionality. Lastly, Defendants note that only two Defendants—ByteDance, Inc. and TikTok, Inc.—have employees or office space in the United States and the majority—approximately 66%—of those are in NDCA while only approximately 11% are in WDTX. Defendants contend the employees in WDTX are focused primarily on advertising and analyzing Defendants' users. *Id*. at 4-5. Defendants note that this court has twice transferred patent cases against Defendants to NDCA despite the presence of these employees in WDTX. *Id*. at 5 (citing *Triller, Inc. v. ByteDance, Ltd.*, No. 20-cv-693-ADA, 2021 WL 3913589 (W.D. Tex. July 9, 2021); *10Tales, Inc. v. TikTok Inc.*, No. 20-cv-810-ADA, 2021 WL 2043978 (W.D. Tex. May 21, 2021)).

Defendants repeatedly claim that all of its engineers who incorporate the accused source code—which is developed in China—are based in NDCA. ECF No. 64 at 3-4. Defendants make only a passing reference to a single engineer "recently hired from the Dallas area" that will allegedly be moving to NDCA. *Id*. at 4. In response to discovery requests, Defendants asserted that by July 11, 2022, Mr. Pandiri would have relocated to NDCA. ECF No. 117-13 at 8 (First

Supplemental Response to Transfer Interrogatory No. 1, stating that "Both Mr. Pandiri and Mr. Chang will be moving to the San Francisco Bay area to join the other engineers on their team by this date."). However, when Mr. Pandiri was deposed on that date, July 11, 2022, he testified that he lived in Irving, Texas, and was appearing for his deposition from Irving, Texas by Zoom. ECF No. 115-7 at 8:13-19. Despite filing a reply with over thirty exhibits, Defendants failed to address this inconsistency in its arguments and evidence. *See* ECF No. 146-2. This failure raises credibility concerns regarding Defendants' motion.

Not surprisingly, Plaintiff disputes this point. Plaintiff points out that the majority of relevant witnesses identified by Defendants are in China and that the one employee in NDCA—Mr. Jinchao Yang—has not been shown to have any unique knowledge. ECF No. 117 at 8-9. Plaintiff also contends that the engineering team in NDCA has little or no relevant evidence as it is a very new team—about one-year old—and merely incorporates developments from China into the TikTok app. *Id*. at 9. Plaintiff further claims that Defendants have over 300 employees in WDTX, which include the only director of Defendant ByteDance, Inc. in the United States. *Id*. at 10. Plaintiff contends that the employees in WDTX have unique knowledge of sales, global strategy, the interaction among Defendants, and damages relevant to Plaintiff's claims. *Id*.

The Court finds that this factor fails to demonstrate that NDCA is more convenient. The evidence presented by both parties demonstrates that there are some relevant party witnesses in NDCA and WDTX, but that the key witnesses and the employee at the heart of the misappropriation claim are in China. The Court declines to weigh the bare number of employees in each location as that appears to be nothing more than a numerical guess that fails to illuminate which set of employees are the most relevant. From the evidence presented in support of the venue motion, the Court is convinced that there is a small number of relevant witnesses in each venue

but is unable to say which group of witnesses is ultimately most relevant. In light of this split between the two districts, and the bulk of relevant witnesses being in China, the Court is unable to say that this factor weighs in favor of transfer.

### d. All other practical problems that make trial of a case easy, expeditious, and inexpensive.

Next, the court turns to the last private interest factor. This factor requires the court to consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. Such practical problems require an evaluation of how the court system is best served by the outcome of the motion. *In re Apple, Inc.*, 581 F. App'x at 889.

Defendants contend this factor is neutral. Defendants point to their previously denied motion to stay under international abstention for arguments of judicial economy, and then to a Federal Circuit court of Appeals opinion to find that NDCA and WDTX have comparable times to trial.[5] ECF No. 64 at 8-9. Defendants also note the lack of any overlapping cases that would counsel in favor of maintaining venue in WDTX. *Id*. Defendants, however, fail to identify any judicial economy or reasons under this factor that would support NDCA being clearly more convenient. *Id*.

Plaintiff notes several practical problems that favor keeping this case in the current venue. Plaintiff notes that in the nine months since being served with process, Defendants have filed more than five contested motions. ECF No. 117 at 13. In addition, Plaintiff points to the existing scheduling order and trial setting that would have to be re-done if this case were transferred. *Id*.

The court finds that this factor fails to demonstrate NDCA is more convenient, let alone clearly more convenient. Defendants concede that this factor does not support transfer, because

---

[5] The court notes that the opinion cited by Defendants—*In re Apple, Inc*., 979 F.3d 1332, 1343-44 (Fed. Cir. 2020)—was addressing time to trial in patent cases, which this case is not. As such, that finding is only minimally relevant.

they argue it is neutral between the two venues. Plaintiff on the other hand raises some practical problems with transfer and identifies one area that favors this court retaining venue—judicial economy. As a result of the significant number of disputes and motions filed by these parties—many of which predated the filing of the present motion—this court has developed a significant amount of knowledge and familiarity with the facts and issues of this case. This body of knowledge and judicial resources would be wasted should this case be transferred to a new district. Additionally, transfer would result in a new, delayed scheduling order and trial date as new ones would have to be entered by the transferee district once the case was docketed in the transferee district. After having devoted significant judicial resources to this case, this court is reluctant to transfer this case to another court that would have to start over. Additionally, as noted above there is a question as to whether a NDCA has personal jurisdiction over Plaintiff, and courts of this Circuit have indicated a reluctance to transfer venue in that situation. *See Sanofi-Aventis*, 614 F. Supp. 2d at 780 (E.D. Tex. 2009); *Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 198 (S.D.N.Y. 2000). Such a transfer would allow a Defendant to achieve through a convenience factor something it might not have been otherwise unable to obtain—jurisdiction over Plaintiff. Thus, the Court finds that this factor and weighs against transfer.

### IV.     The Public Interest Factors

Next, the court turns to the public interest factors affecting transfer.

**a.     The administrative difficulties flowing from court congestion.**

The first public interest factor for the court to address is the administrative difficulties flowing from court congestion. While some circuits have found this factor speculative, the Fifth Circuit has recently affirmed that "to the extent docket efficiency can be reliably estimated, the district court is better placed to do so than [the court of Appeals]." *In re Planned Parenthood*, 52

F.4th at 631 (distinguishing *In re Genentech, Inc.*, 556 F.3d 1338, 1347 (Fed. Cir. 2009)). This court will evaluate this factor accordingly.

Defendants concede that this factor fails to clearly support transfer. Rather, Defendants lump this factor into a discussion of other factors and determine it is neutral. ECF No. 64 at 10. Defendants also cite Federal Circuit cases for the positions that setting a fast time to trial is irrelevant and that time to trial is the same for NDCA and WDTX. *Id*. Both points appear to be the type of arguments recently distinguished by the Fifth Circuit. *See In re Planned Parenthood*, 52 F.4th at 631.

Plaintiff on the other hand contends this factor weighs in favor of WDTX. Plaintiff notes that despite the relative case loads, the "median time to trial in WDTX "is over six months faster than in NDCA. ECF No. 117 at 14; No. 116-4 (Exhibit 12, Federal Judicial Center statistics showing a median time to trial in WDTX of 28.3 months and in NDCA of 34.7 months).[6] Plaintiff contends that this speed to trial is a key issue that weighs against transfer.

The court finds that this factor fails to clearly support transfer to NDCA. Rather, as noted by Plaintiff, time to trial is faster in WDTX. Additionally, as recently noted by the Fifth Circuit, this case is moving through discovery and proceeding to trial in this division. *See In re Planned Parenthood*, 52 F.4th at 631. All of which favor maintaining venue in WDTX.

**b.       The local interest in having localized interests decided at home.**

---

[6] Defendants' reply contained an argument that the time to trial was quicker in NDCA and supported that argument by late-filed evidence from a public database that tracks patent cases. ECF No. 129-2 at 4. This is the type of evidence Defendants should have attached to their original motion if they intended to rely on it. Additionally, Defendants fail to explain why this commercial database of *patent* cases should be given credibility over the Federal Judicial Center statistics properly included in Plaintiff's response. For both of those reasons, this court gives no weight to Defendants' alleged time to trial statistics in their reply.

This is the only public interest factor that Defendants individually address, and they contend that it favors transfer. Defendants argue that NDCA has a greater local interest even though the accused conduct—misappropriation of trade secrets—occurred in China and resulted in the allegedly misappropriated source code that was developed in China. Defendants contend that because that source code is incorporated into the TikTok app by a group of engineers based in NDCA. ECF No. 64 at 9. Defendants contend that most of their employees in the United States are located in California and of the ones located in California, most of those are in NDCA. *Id*. Defendants further contend that the presence of users in WDTX is irrelevant as there are users across the United States, and that the presence of Defendants' employees in WDTX are also irrelevant based primarily on the holdings of this court in unrelated patent infringement cases. *Id*. (citing *10Tales*, 2021 WL 2043978, *5; *Apple*, 979 F. 3d at 1345; *Juniper*, 14 F. 4th at 1320).

Plaintiff disputes this factor favors transfer. Plaintiff notes that this factor favors the venue where the underlying facts occurred, and in this case, all of the underlying facts occurred in China. ECF No. 117 at 14 (citing *Pedro Zarazua Jr*, 2022 U.S. Dist. LEXIS 77954, at *14; *Simo Holdings, Inc. v. H.K. uCloudlink Network Tech. Ltd.*, No. 2:20-CV-00003-JRG, 2020 U.S. Dist. LEXIS 219728, at *17 (E.D. Tex. Nov. 24, 2020)). Additionally, Plaintiff points out that while Defendants ByteDance, Inc. and TikTok, Inc. have their principal offices in California, neither are in NDCA, but are in Culver City, CA—which is in the Central District of California. *Id*. at 14-15. Additionally, Plaintiff contends that Defendants have a significant and growing presence in WDTX, and as noted previously, that presence is connected at least in part to the alleged damages caused by the accused conduct.

The court finds that this factor does not clearly support transfer. As noted by both parties, the critical conduct at issue in this case occurred in China. Additionally, the two Defendants with principal offices in the United States are located outside of either WDTX or NDCA. Finally, the evidence does not demonstrate that Defendants' employees in NDCA are clearly more important than the employees in WDTX—especially when one such employee in WDTX is one Defendant's only director in the entire United States. *See* ECF No. 117 at 10, 15.

Additionally, the findings of *10Tales* and *Triller* are distinguishable. *Triller* was a patent case involving witnesses in NDCA that were necessary for both parties, it involved conduct of third-party witnesses located in NDCA, it involved specifically identified documents located in NDCA, with nothing in WDTX, and the local interest of a redacted party in NDCA all favored NDCA. *See Triller*, 2021 WL 3913589. Those facts are unique to *Triller* and not present in this case. Notably, *Triller* found that Apple and Google witnesses were equally accessible from either WDTX or NDCA because of their substantial presence in both districts. *Id*. at \*5. *10Tales* similarly found that while the plaintiff pointed generally to employees in Austin, it failed to identify any specific witnesses in WDTX, and the conduct at issue had significant connections to California and NDCA—not China as in this case. *10Tales*, 2021 WL 2043978. Additionally, both of those cases were decided under Federal Circuit law and before the Fifth Circuit's recent discussion of the weight to be accorded the various factors. *See In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625 (5th Cir. 2022); *Defense Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022). Accordingly, the Court finds that this factor does not favor transfer.

**c.     The familiarity of the forum with the law that will govern the case.**

The Parties dispute the effect of this factor. Defendants contend that it is neutral by focusing on the diversity of applicable law, downplaying Plaintiff's claims based on the Texas Uniform Trade Secrets Act and speculating that "[i]f California law applies" NDCA would be more familiar

with it. ECF No. 64 at 10; ECF No. 146-2 at 4. Plaintiff argues that as it has asserted claims under Texas law, which favors retaining venue in WDTX as this court is more familiar with the applicable Texas law. ECF No. 117 at 15.

The court finds that Defendants have again failed to show that this factor favors transfer. While both NDCA and WDTX are equally prepared to apply federal law to Plaintiff's claims based on federal law, this court is better equipped to handle Plaintiff's claims based on Texas law. *See SIMO Holdings, Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, No. 2:20-CV-00003-JRG, 2020 WL 6889173, at *6 (E.D. Tex. Nov. 24, 2020 ("if anything, this factor weighs against transfer, as Plaintiffs assert their claims under the Texas Uniform Trade Secrets Act."). Defendants' speculation about the application of California law is irrelevant as it is pure speculation. Even if the court found that this factor was neutral, such neutrality would not rise to the clearly more convenient standard required to support transfer. Thus, the court finds that this factor fails to show that NDCA is clearly more convenient.

**d.     The avoidance of unnecessary problems of conflict of laws of the application of foreign law.**

On this factor the parties agree. They both claim it is neutral. ECF 64 at 10; ECF No. 117 at 15. That makes this factor one of the very few things the parties have been able to agree upon in this case. As noted above, such neutrality fails to clearly support transfer.

### V.     Conclusion

After balancing the private and public interest factors, considering the briefings and oral arguments, and evaluating the credibility of the evidence, Defendants have failed to meet their high burden of showing that transfer to the Northern District of California is clearly more convenient. The private interest factors are either neutral or favor this district. The public interest factors are also neutral or favor this district. None of the factors, individually or taken as a

combination, demonstrate that NDCA is clearly more convenient for a case involving conduct and documents in China and companies with relevant employees in both WDTX and NDCA.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Transfer Venue to the Northern District of California (ECF Nos. 57 & 64) is **DENIED**.

**SIGNED** this 11th day of April, 2023.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE