**PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **BEIJING MEISHE NETWORK TECHNOLOGY CO., LTD.,** | § § § | |
| *Plaintiff* | § | **W-21-CV-00504-ADA-DTG** |
| | § | |
| **vs.** | § | |
| | § | |
| **TIKTOK INC., TIKTOK PTE. LTD., BYTEDANCE LTD., BYTEDANCE INC.,** | § § § § | |
| *Defendants* | § | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR APPEAL FROM AND OBJECTIONS TO ORDER ON MOTION TO STAY BASED ON INTERNATIONAL ABSTENTION

**PUBLIC VERSION**

Pursuant to 28 U.S.C. § 636, Federal Rule of Civil Procedure 72, and Appendix C to the Local Rules for the United States District Court for the Western District of Texas, Defendants TikTok Inc., TikTok Pte. Ltd., ByteDance Ltd., and ByteDance Inc. ("Defendants") submit this Reply in Support of their Appeal from and Objections to the Magistrate Judge's Order Denying Defendants' Motion to Stay Based on International Abstention.

## I.    INTRODUCTION

Plaintiff's Response insists that the Magistrate Judge made over half a dozen findings to inform his denial of the stay—a position wholly contradicted by the record. The Magistrate Judge offered only two bases for his decision, neither of which is legally sufficient to support it. In an attempt to bolster that decision, Plaintiff recasts Defendants' arguments and the Magistrate Judge's determinations in a Response that is littered with misleading and partial quotations from the hearing transcript and citations to inapposite case law.

Defendants file this Reply for the limited purpose of addressing two new arguments raised by Plaintiff, both of which rely on an inaccurate view of the record.

## II.    ARGUMENT

First, Plaintiff's Response leads with a frivolous timeliness argument that omits half the procedural record. At the May 26, 2022 hearing and accompanying text order, the Magistrate Judge said that a written order denying the Motion would be forthcoming, which he reconfirmed on June 16, 2022. He did not ultimately rule on Defendants' motion until April 19, 2023—to which Defendants timely filed their Objections 14 days later. Plaintiff mentions none of this in its Response. Defendants sensibly did not (and could not) object at the time when the Magistrate had promised a reasoned order was forthcoming, because they did not know what of the Magistrate's reasoning would be objectionable.

1

**PUBLIC VERSION**

Second, Plaintiff mischaracterizes the bases for the Magistrate Judge's denial and suggests he found that the later-filed federal case had progressed further to decision than the Chinese cases. That is incorrect. The Magistrate made only two findings in support of his denial of Defendants' Motion, neither of which addresses the relative progress of the parallel litigation.

### A. Defendants Appropriately Objected to the Order *After* It Issued.

The Magistrate Judge issued a docket order denying Defendants' Motion on April 19, 2023, "for the reasons stated on the record during the hearing held on March 26, 2022." April 19, 2023 Order. Fourteen days later, Defendants filed their Objections to that Order on May 3, 2023. Dkt. 245; *see also* Fed. R. Civ. P. 72(a) (objections must be filed within 14 days of being served with the order). Plaintiff's timeliness argument demonstrably misstates the record.

Plaintiff states only that the Magistrate Judge orally denied Defendants' Motion at the May 26, 2022 hearing and issued a docket order to that effect on the same day. That incomplete procedural recitation omits a series of additional facts, outlined in Defendants' Objections. The Magistrate Judge instructed the parties at that hearing and in the same-day docket entry that a written order would follow. May 26, 2022 Trans. At 76 ("███████████████████████████

███████████████"). The very text order Plaintiff says disposed of the motion in fact stated, "Written Order to follow"—another fact Plaintiff omits. Dkt. 67. Plaintiff also ignores that on June 16, 2022—at a subsequent hearing more than 14 days after the May 26, 2022 hearing—the Magistrate Judge reaffirmed that a written order explaining his decision on Defendants' Motion was forthcoming. June 16, 2022 Trans. At 40 ("████████████████████████████████

████████████████████████████████████████████████████."). And, most egregiously, Plaintiff never mentions that the Magistrate Judge did enter a subsequent

**PUBLIC VERSION**

order—albeit devoid of further findings or explanation for his ruling—from which Defendants timely appealed. April 19, 2023 Order. Plaintiff's timeliness argument thus is baseless.[1]

**B.  The Magistrate Judge Made Only Two Determinations as a Basis For His Denial of Defendants' Motion, and the Relative Progress of Parallel Litigation Was Not One of Them.**

The Magistrate Judge made only two determinations on the record to support his denial of Defendants' Motion: that there was an interest in advancing the progress of the federal case, and that Plaintiff pleaded a U.S. copyright law claim and damages. May 26, 2022 Trans. At 76. Plaintiff purports to address Defendants' contention that an interest in advancing a later-filed federal case cannot support denial of international abstention. But Plaintiff recasts this as a question of relative progress between the federal and foreign litigation—a wholly distinct issue on which the Magistrate Judge made no findings.[2]

During the hearing, the Magistrate Judge did ask Defendants' counsel a question regarding the case status of the Chinese litigation.[3] But the Magistrate never announced any finding regarding the status of the Chinese litigation or made any determination regarding the relative progress of the parallel cases. Plaintiff cites to no portion of the transcript to support its contentions

---

[1] The Rules—Federal and Local—do not require a party to file a copy of the hearing transcript with its objections to a magistrate's order. While the district court must consider the transcript in reviewing the magistrate's order, this record may be provided after the party filed its objections, such as at an evidentiary hearing. *United States v. Marshall*, 609 F.2d 152, 153, 155 (5th Cir. 1980). Defendants have provided a copy of the transcript with this filing.

[2] Separately, Plaintiff has waived this argument because it did not raise it in its response to Defendants' Motion or at the May 26, 2022 hearing on that Motion. *Sistrunk v. TitleMax, Inc.*, 2017 WL 2392436, at *3 (W.D. Tex. June 2, 2017) ("A party ordinarily waives the arguments it does not raise before the magistrate judge assigned to the matter."). Plaintiff argued only that the order of filing was irrelevant and that the Chinese litigation would take longer to complete than the parallel federal case—not that the federal case was further progressed. Resp. to Mot. to Stay Based on International Abstention, Dkt. 46-1 at 11–12.

[3] May 26, 2022 Trans. at 39–40 ("[███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.").

3

**PUBLIC VERSION**

that the Magistrate "found that temporal sequencing [of filings] is not an issue" and "that the relative progress" "weighs against a stay," because it cannot.  Resp., Dkt. 260 at 9.

Rather, the Magistrate Judge made clear that he was denying a stay because he felt that the federal case ███████████████████████" and "███████████████████████████████████████████."  May 26, 2022 Trans. At 76.  That was a legally insufficient basis to deny a stay based on international abstention (as set forth in Defendants' Objections), and Plaintiff offers no explanation or authority to support the Magistrate's heavy reliance on this non-factor as one of the two considerations informing his decision.  Plaintiff cannot rebut Defendants' showing of legal error by defending the viability of a non-factor that the Magistrate Judge never applied.

Even if the Magistrate Judge had weighed the relative progress of the parallel litigation, this consideration would favor abstention.  At the time of Defendants' Motion, this case was in a preliminary stage, as even Plaintiff acknowledged.  May 26, 2022 Trans. at 53 (counsel admitted Plaintiff delayed 6 months after filing suit to "█████████████████████████████████████ ████████████████████████████████████████"); *see also Day v. Union Mines Inc.*, 862 F.2d 652, 656 (7th Cir. 1988) (courts must consider the facts at the time of the filing for the stay based on abstention).  Defendants filed a motion to dismiss on March 3, 2022—the date their answer was due—and filed this Motion one week later.  Dkt. 27; Dkt. 35.  At that time, no other contested motions had been filed, the parties had not filed their Rule 26 discovery plan, the court had not held an initial status conference, and the parties had not conducted any discovery.  ████████████ █████████████████████████████████████████████████████████████████ ██████████████.  May 26, 2022 Trans. at 39–40, 72.  Defendants explained as much to the Magistrate Judge at the hearing, *id.* at 39–40, and it would have been clearly erroneous on this record to hold that the federal case was further progressed.

4

**PUBLIC VERSION**

**<u>CONCLUSION</u>**

The Court should reverse the legally erroneous Order and stay this matter pending resolution of Plaintiff's prior-filed, parallel Chinese cases.

**PUBLIC VERSION**

Dated: May 24, 2023

Respectfully submitted,

BEARD KULTGEN BROPHY BOSTWICK
& DICKSON, PLLC


By: _____

Dan M. MacLemore
State Bar No. 24037013
maclemore@thetexasfirm.com
Andy E. McSwain
State Bar No. 13861100
mcswain@thetexasfirm.com
220 South Fourth Street
Waco, Texas 76701
Telephone: (254) 776-5500
Facsimile: (254) 776-3591


Yar R. Chaikovsky
yar.chaikovsky@whitecase.com
Philip Ou
philip.ou@whitecase.com
David Okano
david.okano@whitecase.com
3000 El Camino Real,
2 Palo Alto Square, Suite 900
Palo Alto, California  94306
Telephone: (650) 212-0300
Facsimile:  (650) 213-8158

Michael Songer
Michael.Songer@whitecase.com
Anna Naydonov
Anna.Naydonov@whitecase.com
701 Thirteenth Street, NW
Washington, DC 2005-3807
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

Andrew Zeve
Andrew.Zeve@whitecase.com
Jeremy Dunbar
Jeremy.Dunbar@whitecase.com
609 Main Street, Suite 2900

6

**PUBLIC VERSION**

Houston, Texas 77002
Telephone: (713) 496-9700
Facsimile: (713) 496-9701

Andrea Roberts
AndreaRoberts@paulhastings.com
Boris Lubarsky
BorisLubarsky@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Attorneys for Defendants
TIKTOK INC., TIKTOK PTE. LTD.,
BYTEDANCE LTD., and BYTEDANCE INC.

**PUBLIC VERSION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 31, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Yar R. Chaikovsky*
Yar R. Chaikovsky